**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LIBERTY LIFE ASSURANCE CO. OF
BOSTON,

          Plaintiff,

v.                                  Case No. 6:12-cv-1320-Orl-37TBS

CARLOS DEVILLALVILLA,

          Defendant.

_____

## ORDER

This cause is before the Court on the following:

1.     Liberty Life Assurance Company of Boston's Motion for Award of Attorney's Fees and Costs with Incorporated Memorandum of Law in Support (Doc. 37), filed October 21, 2013;

2.     Report and Recommendation of United States Magistrate Judge Thomas B. Smith (Doc. 41), filed November 12, 2013;

3.     Liberty Life Assurance Company of Boston's Objections to Report and Recommendation on Plaintiff's Motion for Attorney's Fees (Doc. 43), filed November 24, 2013; and

4.     Counsel for Defendant's Objection and Response to Report and Recommendation (Doc. 45), filed November 25, 2013.

## BACKGROUND

On August 29, 2012, Plaintiff initiated this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), to recover overpayments made to Defendant under an ERISA plan. (Doc. 1.) Through his counsel,

Kaufman, Englett & Lynd, PLLC ("KEL"), Defendant filed an Answer and asserted affirmative defenses on November 16, 2012. (Doc. 12.) Plaintiff moved for judgment in its favor pursuant to Rules 52 and 56 of the Federal Rules of Civil Procedure (Doc. 28), and Defendant filed no response to the motion. Magistrate Judge Thomas B. Smith entered a report and recommendation that the Plaintiff's motion be granted as to Count VII of the Complaint and otherwise be denied. (Doc. 33, pp. 24–25.) Defendant did not file objections; thus, the Court adopted the report and recommendation, and judgment was entered in favor of Plaintiff on Count VII of Plaintiff's Complaint. (Docs. 34, 35.)

On October 21, 2013, Plaintiff filed a motion for an award of attorney fees and costs, pursuant to 29 U.S.C. § 1132(g). (Doc. 37.)   Defendant did not oppose the Plaintiff's motion, and Magistrate Judge Smith entered a report and recommendation that attorney fees be denied and that Plaintiff be awarded its costs. (Doc. 41 (the "Report").) Both Plaintiff and KEL filed objections to the Report. (Docs. 43, 45.) No party filed a reply to the objections, and the matter is now ripe for adjudication.

## STANDARDS

### I.    28 U.S.C. § 636

A U.S. Magistrate Judge may be designated to issue a report and recommendation on a post-trial motion for attorney's fees. 28 U.S.C. § 636(b)(1)(B); *e.g., Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1162 (N.D. Ca. 2012). When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the

magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## II.    29 U.S.C. § 1132

Section 1132(g)(1) provides courts with discretion in ERISA cases brought "by a participant, beneficiary, or fiduciary" to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This provision raises no presumption in favor of a prevailing party. *Waschak v. The Acuity Brands, Inc. Senior Mgmt. Benefit Plan*, 384 F. App'x 919, 925 (11th Cir. 2010) (holding district court erred by applying a presumption in favor of awarding fees); *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008) ("We have refused to interpret this provision as creating a presumption in favor of awarding fees."); *Florence Nightingale Nursing Serv. v. Blue Cross/Blue Shield*, 41 F.3d 1476, 1485–86 (11th Cir. 1995) (declining to reconsider law that no presumption arises in favor of a prevailing party in an ERISA case).

Absent a presumption in favor of the prevailing party, courts are to consider five nonexclusive factors in deciding whether to award fees. *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993). The factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) "whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions." *Id.* (holding that the district court did not abuse its discretion in denying a request for attorney fees). "No one of these factors is necessarily decisive, and some may not be apropos in a given case." *Id.*; *e.g., McKnight*

*v. Southern Life & Health Ins. Co.*, 758 F.2d 1566, 1572 (11th Cir. 1985). Finally, district courts are afforded significant discretion in determining whether an award of attorney's fees is warranted. *Byars*, 517 F.3d at 1269; *e.g. Harris v. United Auto Ins. Group, Inc.*, 579 F.3d 1227, 1232 (11th Cir. 2009) (affirming denial of attorney's fees); *LaBrache v. Am. Maritime Officers Pension Plan*, 45 F. Supp. 2d 1335, 1341 (M.D. Fla. 1999).

## DISCUSSION

In its motion for fees, Plaintiff urges the Court to require Defendant and KEL to pay Plaintiff's attorney fees in this action. (Doc 37, pp. 3–4.) Plaintiff argues that an award of fees is warranted because: (1) Defendant asserted meritless affirmative defenses in this action and tried to "trap" Plaintiff "into waiving its right to reimbursement" by repaying a portion of the benefits as "full payment" for amounts owed; (2) aside from the meritless affirmative defenses, Defendant "did not file *one* substantive document in this case that addressed the merits" of the claims and defenses asserted; (3) KEL has the means to pay a fee assessment, and Defendant's ability to pay is unclear; (4) a fee award would encourage ERISA plan beneficiaries to promptly repay overpayments and would discourage attorneys from "taking meritless defense positions" in ERISA cases; and (5) a fee award "may help to maintain lower insurance premiums" for plan beneficiaries.[1] *Id.*

In his thorough and well-reasoned Report, Magistrate Judge Smith addressed each of the *Freeman* factors. (Doc. 41.) First, Magistrate Judge Smith declined to find bad faith, concluding that: (1) an "inability to pay or confusion about" Defendant's obligations was a likely explanation for Defendant's refusal to repay benefits to Plaintiff,

---

[1] Defendant did not respond to the Plaintiff's motion for fees. Instead, on November 11, 2013, KEL filed an amended motion to withdraw as attorney for Defendant. (Doc. 40.) The Court granted the motion to withdraw. (Doc. 42.)

and Defendant had "arguable legal justification" for its actions; and (2) KEL's actions could be "attributed to incompetence" and "neglect" rather than "malice" and "hopelessness." (*Id.*) Magistrate Judge Smith also found that: (1) Defendant's ability to pay a fee award is subject to speculation; (2) KEL "has the ability to pay" a modest fee award; (3) a fee award may have "some deterrent effect" to KEL, but no significant effect on beneficiaries who are similarly situated to Defendant; and (4) the effect of a fee award on plan beneficiaries is "too indirect" to weigh strongly in favor of a fee award. (*Id.*) Magistrate Judge Smith concluded that the *Freeman* factors did not weigh strongly enough in Plaintiff's favor to justify a fee award against Defendant or KEL. (*Id.* at 5–6.) Despite "serious concerns" about the performance of KEL in this action, Magistrate Judge Smith also rejected Plaintiff's argument that costs be taxed against KEL. (*Id.* at 6–7.)

In its objections to the Report, Plaintiff argued that the "findings of fact" in the Report "support a different conclusion than that which" the Magistrate Judge reached in recommending denial of Plaintiff's request for fees payable by KEL.[2] (Doc. 43, at 2.) Plaintiff points to the Magistrate Judge's "serious concerns" with KEL's conduct, his warning that KEL was "lucky" not to be facing sanctions, and two references to KEL's "failure to file *any* substantive document in the case other than the answer to the complaint." (*Id.* at 3.) Plaintiff argues that the concerns expressed in the Report are more than sufficient to establish the "culpability" required to justify an award of fees under the first *Freeman* factor. (*Id.* at 3–4 ("concluding that the 'blame' necessary for a finding of culpability was present to a degree which would weigh in favor of granting

---

[2] Plaintiff did not object to the recommendation that the Defendant not be required to pay attorney fees; accordingly, the Court accepts that portion of the Report.

[Plaintiff's] motion for attorney's fees as against" KEL).) Plaintiff also faults the Magistrate Judge for failing "to recognize the full impact" that denial of Plaintiff's fee award would have on the beneficiaries of an insured plan. (*Id.* at 6 (arguing that an increase in premiums will have an "inevitable impact" on plan participants).) Plaintiff takes no issue with the Magistrate Judge's analysis of the remaining *Freeman* factors, but contends that Plaintiff's fee request should be granted against KEL because "all" the *Freeman* factors "weigh in favor of awarding fees." (*Id.* at 7.)

KEL also filed objections to the Report on the ground that Magistrate Judge Smith "was not privy to certain facts" when he made his Report. (Doc. 45, p. 1.) Specifically, KEL advises that its conduct should not be attributed to "neglect" because Defendant "had instructed [KEL] to keep the legal costs to the as low as possible." (*Id.* at 1–2.) KEL also complains that it was not credited "for the ongoing multitude of non-record activity in the form of settlement negotiations that occurred during the course of the case."[3] (*Id.* at 2.)

Although the Court shares Magistrate Judge Smith's concerns with KEL's conduct in this action,[4] the Court finds that it cannot order KEL to pay Plaintiff's attorney fees pursuant to § 1132(g)(1). The U.S. Court of Appeal for the Eleventh Circuit requires that a statute specifically authorize a fee award against counsel. *Amlong & Amlong,*

---

[3] KEL further suggests that the Court should question Plaintiff's motive for failing to advise the Court of KEL's settlement efforts. (Doc. 45, p. 2.) The Court rejects KEL's suggestion, and notes that Plaintiff's Motion for Extension of Time to File Dispositive Motions detailed KEL's attendance at the mediation conference and subsequent settlement "efforts" which caused a delay in the filing of dispositive motions. (Docs. 19, 21, 22, 26.)

[4] The Court's concern is heightened by KEL's argument in its Objections that its litigation conduct is not attributable to "neglect", but to an intentional decision to comply with its client's instructions to "keep the legal costs as low as possible." (*Id.* at 1–2.) The costs to the Court and Plaintiff seem to have been multiplied by KEL's intentional decision.

*P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (holding that Title VII's fee-shifting provision "could not support" an award of fees against counsel because it "authorizes attorney's fees only against litigants, not against counsel"); *e.g., Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762–63 (1980) (rejecting construction of fee-shifting statutes that would subject "lawyers in different areas of practice to differing sanctions for dilatory conduct"). Absent such statutory authorization, a party seeking a fee award against counsel must persuade the Court to exercise its inherent discretion to sanction counsel for bad faith litigation conduct. *Durrett v. Jenkins Brickyard*, 678 F.2d 911, 915 (11th Cir. 1982) (describing the narrowly defined circumstances where federal courts may exercise their inherent authority to "assess attorney's fees against counsel").

Like Title VII's fee-shifting provision considered in *Amlong*, ERISA's fee-shifting provision does not explicitly authorize an award of attorney's fees against counsel.[5] Accordingly, the Court rejects Plaintiff's argument (based on non-controlling authority from outside this Court) that KEL may be held liable for Plaintiff's fees under ERISA's fee-shifting provision. Further, Plaintiff has not argued that a fee award is justified under the Court's inherent authority or pursuant to 28 U.S.C. § 1927 or Rule 11 of the Federal Rules of Civil Procedure. Thus, the Court finds that Plaintiff's motion for fees is due to be denied.

---

[5] *Compare* 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."); *with*, 42 U.S.C. § 2000e-5 ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs"). In another statutory provision, Congress made clear its intention to authorize an award of attorney's fees against counsel. 28 U.S.C. § 1927 ("An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.")

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The Objections (Docs. 43 and 45) are **OVERRULED**.

2.      The Report and Recommendation of Magistrate Judge Thomas B. Smith (Doc. 41) is **CONFIRMED**.

3.      Liberty Life Assurance Company of Boston's Motion for Award of Attorney's Fees and Costs with Incorporated Memorandum of Law in Support (Doc. 37) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 28, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record